**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

CHARLES MICHAEL EARLE, a/k/a
Charles M. Earle and a/k/a Mike Earle,

     Defendant-Appellant.

No. 06-4150
(D.C. No. 1:05 CR-131-TC)
(District of Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

On February 7, 2006, Mr. Earle conditionally pled guilty to one count of

production of child pornography, in violation of 18 U.S.C. § 2251(a), stipulating

to the following facts:

> Between the Fall of 2004 and Spring of 2005, in the Central Division
> of the District of Utah, I knowingly coerced the minor, Child M to
> participate in the production of a video of child pornography. I
> instructed Child M to turn my camcorder towards herself and film
> herself, unclothed below the waist, using a vibrator. My voice can

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is
therefore ordered and submitted without oral argument. This order and judgment
is not binding precedent except under the doctrines of law of the case, res judicata
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

be heard on this video instructing her in this fashion. Child M was 7 years old at the time of these videos. The images were taken with my camcorder which was produced with materials that had been shipped in interstate commerce. I did this in violation of 18 U.S.C. § 2251(a).

Plea Proffer at 5. As part of this plea, however, Mr. Earle preserved his right to contest one narrow matter -- whether his purely intrastate production of child pornography had a sufficient nexus to interstate commerce to give rise to federal jurisdiction under the Constitution. *Id.* On June 12, 2006, the District Court sentenced Mr. Earle, *inter alia*, to the mandatory minimum of 180 months of incarceration. *See* Crim. J. at 1-5; *see also* 18 U.S.C. §§ 2251(a) and (e). The District Court also took up, and rejected, Mr. Earle's preserved subject matter jurisdiction argument, holding it barred by our decision in *United States v. Jeronimo-Bautista*, 425 F.3d 1266 (10th Cir. 2005).

On appeal, Mr. Earle reiterates his view that the "purely local production of child pornography [is] not within the purview of the federal government." Aplt. Op. Br. at 4. Mr. Earle expressly acknowledges, however, that *Jeronimo-Bautista* "forecloses the possibility of a favorable ruling on [his] motion" from this panel and that his appeal is brought "solely to preserve" the argument. Mot. to Dismiss at 1. We agree with Mr. Earle's assessment of our prior decision. In *Jeronimo-Bautista*, we squarely held that Congress properly exercised its regulatory powers under the Commerce Clause when it passed 18 U.S.C. § 2251(a), explaining that "Congress' prohibition against the intrastate possession or manufacture of child

pornography is a rational (and commonly utilized) means of regulating commerce in that product." 425 F.3d at 1271 (internal quotation marks omitted). This is so, we noted, because "the intrastate production of child pornography could, in the aggregate, have a substantial effect on the interstate market for such materials," thus affecting the supply and demand balance nationwide, *id.* at 1272; Congress's decision to target intrastate production, we held, "represents a rational determination that such local activities constitute an essential part of the interstate market for child pornography that is well within [its] power to regulate." *Id.* at 1273. Until and unless a higher authority indicates otherwise, we are bound by this holding and are therefore constrained, as Mr. Earle agrees, to reject his appeal.

AFFIRMED.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge